OPINION OF THE COURT
Judith N. McMahon, J.
On September 25, 2003, the plaintiff, Ralph Calise, sustained injuries when the defendants allegedly failed to diagnosis his appendicitis. Plaintiff commenced this action for medical malpractice on June 8, 2004 by filing a summons and complaint. Issue was joined on July 28, 2004. After discovery was complete, the plaintiff agreed to voluntarily discontinue all claims, with prejudice, against defendant Heartland Medical Services, EC. Codefendant Claire Bornstein, EA. has refused to sign the stipulation of discontinuance arguing that the recent amendments to General Obligations Law § 15-108 restrained her ability to release codefendant Heartland from the cross claims of contribution/indemnification.
General Obligations Law § 15-108 (d), as recently amended, provides:
“A release or a covenant not to sue between a plaintiff or claimant and a person who is liable or claimed to be liable in tort shall be deemed a release or covenant for the purposes of this section only if:
“(1) the plaintiff or claimant receives, as part of the agreement, monetary consideration greater than one dollar;
“(2) the release or covenant completely or substantially terminates the dispute between the plaintiff or claimant and the person who was claimed to be liable; and
“(3) such release or covenant is provided prior to entry of judgment.”
Defendant Bornstein contends that in accordance with the recent amendment, if the aforementioned stipulation is signed releasing Heartland, “the burden of recovering money judgments [will shift] from plaintiffs to nonreleased codefendants,” in this case Bornstein herself (Bonner Jr., Outside Counsel, Defense Counsel and Amendments to GOL § 15-108, NYLJ, Aug. 17, 2007,. at 4, col 4). In other words, the percentage of fault attributed to the released defendant Heartland, if any, by the jury, would deprive the nonreleased codefendant Bornstein of the benefit of reducing any judgment by that amount. In essence, defendant Bornstein would bear the burden of the entire judgment.
*334 This court disagrees. As stated by the advisory committee, the purpose of the recent amendment to General Obligations Law § 15-108 is to encourage plaintiffs to voluntarily discontinue their actions against defendants who possess no liability (see Shoot, Letters to the Editor, GOL § 15-108 and Removing Blameless Defendants From a Case, NYLJ, Sept. 17, 2007, at 2, col 4). In such situations, where nonreleased codefendants refuse to sign stipulations of discontinuance because they disagree with plaintiff’s liability assessment and wish to protect their cross claims, the nonreleased codefendants are partially justified in their apprehension. The recent amendment to General Obligations Law § 15-108 did not resolve the issue of cross claims that were interposed prior to the discontinuance. While unfortunate that a motion may be required to solve the problem, a solution is easily managed.
Where a defendant is released, without prejudice by the codefendants, and thereafter found to actually be at fault, the remaining defendants can implead the released codefendant back into the case and pursue their contribution/indemnification claims (Shoot, Letters to the Editor, GOL § 15-108 and Removing Blameless Defendants From a Case, NYLJ, Sept. 17, 2007, at 2, col 4; Dachs, Letters to the Editor, Legislative Remedy For GOL § 15-108, NYLJ, Sept., 19, 2007, at 2, col 6). CPLR 1007 provides that impleading a third party is permissible any time after the defendant has answered (see David D. Siegel, NY Prac § 156 [4th ed 2005]). In fact, ideally, “[t]he remedy [for this situation] is for the Legislature to provide that where a plaintiff voluntarily discontinues against a defendant, all cross-claims for contribution automatically fall with it, without prejudice to the right of any dissatisfied defendant to implead the discontinued against defendant as a third-party defendant” (Dachs, Letters to the Editor, Legislative Remedy For GOL § 15-108, NYLJ, Sept., 19, 2007, at 2, col 6).
Therefore, where the cross claims between the released and potentially released defendants are dismissed without prejudice, the nonreleased defendants will always have the right to implead the released codefendant as a third-party defendant (CPLR 1007; Dachs, Letters to the Editor, Legislative Remedy For GOL § 15-108, NYLJ, Sept., 19, 2007, at 2, col 6). In this case, this option is indeed viable if the nonreleased codefendant Bornstein disagrees with plaintiffs assessment and the released codefendant Heartland is found to be liable.
*335 Accordingly, it is ordered that defendant Heartland Medical Services’ motion to dismiss the cross claims of defendant Claire Bornstein, EA., pursuant to CFLR 3211 (b), is granted without prejudice, and it is further ordered that, in accordance with plaintiffs stipulation, the claims of plaintiff against defendant Heartland are dismissed with prejudice.